UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK GRAY,

    Plaintiff,

-VS-

MCI COMMUNICATIONS SERVICES, INC.,

    Defendant.
_____/

CASE NO.: 6:15-cv-1331-ORL-28-TBS

## COMPLAINT

COMES NOW Plaintiff, MARK GRAY, by and through the undersigned counsel, and sues Defendant, MCI COMMUNICATIONS SERVICES, INC. (hereinafter "MCI"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like MCI from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone

1

out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331.

7. The alleged violations described in the Complaint occurred in Orange County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Fayette County, Georgia.

9. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

10. Plaintiff is an "alleged debtor."

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. Defendant, MCI, is a corporation with its principal place of business located at One Verizon Way, P.O. Box 627, Basking Ridge, NJ 07920-1097 and which conducts business in the State of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

13. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

14. MCI called Plaintiff approximately one hundred (100) times since January 1, 2015, in an attempt to collect a debt.

15. MCI attempted to collect a debt from Plaintiff by this campaign of telephone calls.

16. MCI intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

17. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

18. Each call MCI made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

19. Each call MCI made to Plaintiff's cell phone was done so without the "express permission" of Plaintiff.

20. Plaintiff is not currently, nor has ever been, a customer of MCI.

21. Beginning on or about January 1, 2015, Plaintiff began receiving automated messages to his cellular telephone \*\*\*-\*\*\*-(6363) asking for Plaintiff to call MCI.

22. When Plaintiff returned the call from MCI and inquired as to why they robo-calling him when he had no business with them, the representative from MCI made it sound as if MCI had his cell phone number listed as a landline for an MCI customer.

23. Despite making MCI aware that the number they were calling did not belong to an MCI customer, MCI continued to bombard Plaintiff's cellular telephone with automated messages.

24. Plaintiff called MCI a second time to inform them that he was not an MCI customer and had no business with MCI, however he was continually transferred to several agents – none of them being able to explain or stop the incorrect robo-calls to Plaintiff's cellular telephone.

25. Due to the tremendous volume of calls Plaintiff was not able to properly catalogue every call received from MCI, however below is a small sampling of said received calls:

   i) January 22, 2015 at 11:33 am
   ii) February 4, 2015 at 3:52 pm
   iii) February 11, 2015 at 2:52 pm
   iv) March 11, 2015 at 4:30 pm
   v) April 1, 2015 at 3:34 pm
   vi) April 8, 2015 at 3:12 pm
   vii) April 15, 2015 at 3:31 pm
   viii) April 22, 2015 at 3:53 pm
   ix) April 29, 2015 at 4:07 pm
   x) May 5, 2015 at 9:51 am
   xi) May 6, 2015 at 11:06 am

4

xii) May 7, 2015 at 11:06 am

xiii) May 11, 2015 at 9:33 am

xiv) May 14, 2015 at 10:30 am

xv) May 19, 2015 at 9:52 am

xvi) May 21, 2015 at 9:50 am

xvii) May 22, 2015 at 10:29 am

xviii) May 26, 2015 at 9:26 am

xix) May 27, 2015 at 12:26 pm

xx) May 28, 2015 at 9:52 am

xxi) May 29, 2015 at 10:06 am

xxii) June 1, 2015 at 10:01 am

xxiii) June 2, 2015 at 10:14 am

xxiv) June 3, 2015 at 12:17 pm

xxv) June 4, 2015 at 9:51 am

26. MCI has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

27. MCI has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or MCI, to remove the incorrect number.

28. MCI'S corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to MCI they are the wrong party.

29. MCI has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

30. MCI has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call the wrong party.

31. MCI has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

32. MCI'S corporate policy provided no means for Plaintiff to have his number removed from the call list.

33. MCI has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not owe the alleged debt.

34. Plaintiff did not expressly consent to MCI'S placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to MCI'S placement of the calls.

35. Not a single call placed by MCI to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

36. MCI willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

37. Plaintiff incorporates Paragraphs one (1) through thirty-six (36).

38. Defendant willfully violated the TCPA with respect to Plaintiff, *especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.*

39. Defendant knowingly violated the TCPA with respect to Plaintiff, *especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.*

40. MCI repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against MCI for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
### (Violation of the FCCPA)

41. Plaintiff incorporates Paragraphs one (1) through thirty-six (36).

42. At all times relevant to this action MCI is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

43. MCI has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

44. MCI has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

45. MCI has violated Florida Statute § 559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows the debt is not legitimate.

46. MCI'S actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and

judgment against MCI COMMUNICATIONS SERVICES, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
William Peerce Howard, Esq.
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
bhoward@forthepeople.com
Florida Bar #: 0103330
Attorney for Plaintiff